IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN LUTHER ROGERS, <br><br> Plaintiff, <br><br> v. <br><br> NJDOC, et al., <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> 15-7005 (JBS-JS) <br><br> **MEMORANDUM OPINION AND ORDER** |

**SIMANDLE**, District Judge:

Plaintiff Martin Luther Rogers, pro se ("Plaintiff") brings this motion [Docket Item 89] appealing from the Order of U.S. Magistrate Judge Joel Schneider filed August 4, 2017. [Docket Item 86.] For the reasons discussed below, the Court will affirm the August 4, 2017 Order in part and remand for consideration of the sufficiency of the "Rutgers Defendants'" responses to Interrogatory Nos. 2 and 3. The Court finds as follows:

1.  Judge Schneider's August 4, 2017 Order addressed two discovery motions filed by Plaintiff seeking to compel discovery from Defendants Rutgers University Behavioral and Correctional Health Care, Laurie Valentino, and Christopher Simkins (collectively, the "Rutgers Defendants"). [Docket Items 73 & 79.] Plaintiff now appeals the decision on one of those motions, the motion to compel the Rutgers Defendants to supply more

responsive answers to Plaintiff's Third Set of Interrogatories. [Docket Item 79.]

2. In this appeal, Plaintiff argues that the Rutgers Defendants' responses to Interrogatories 1, 2, and 3 were deficient and evasive and that Judge Schneider only addressed the sufficiency of the Rutgers Defendants' response to Interrogatory No. 1, overlooking the dispute about the sufficiency of responses to Interrogatory Nos. 2 and 3. [Docket Item 89-1 at ¶ 6.] Judge Schneider interpreted Plaintiff's July 14, 2017 reply letter [Docket Item 82] as indicating that only the Rutgers Defendants' reply to Interrogatory No. 1 remained in dispute, and he addressed only the sufficiency of the response to that Interrogatory. [Docket Item 86 at 2-3, n.2.] Plaintiff does not quarrel with Judge Schneider's determination that the Rutgers Defendants' response to Interrogatory No. 1 was responsive and valid [id. at 4], which, for good cause shown, the Court will now affirm. Instead, Plaintiff argues that Judge Schneider did not address the alleged deficiency and evasiveness of the responses to Interiority Nos. 2 and 3, which remain unresolved. [Docket Item 89-1 at ¶¶ 6-7.]

3. Initially, Plaintiff seeks review of Judge Schneider's determination that Plaintiff's July 14, 2017 reply letter on the underlying motion [Docket Item 82], was an impermissible reply in violation of L. Civ. R. 7.1 and 37.1(b)(3) and that it would

2

be considered for the limited purpose of narrowing the issues. This aspect of Plaintiff's appeal is quickly disposed of because Judge Schneider was clearly correct – such a reply on a discovery motion is not permitted under either L. Civ. R. 7.1 or 37.1(b)(3), and Judge Schneider, who could have simply rejected the reply outright, was well within his discretion to consider it for this limited purpose.

4. Having reviewed the July 14, 2017 reply letter [Docket Item 82], it is understandable that Judge Schneider interpreted the letter as "clarif[ying] that defendants' response to Interrogatory No. 1 of plaintiff's Third Set of Interrogatories remains deficient." [Docket Item 86 at 3.] Indeed, in his reply letter, Plaintiff told the Court, "while Plaintiff did receive said correspondence, Defendants' response did not provide the requested information regarding Interrogatory No. 1 of Plaintiff's Third Set of Interrogatories," and did not mention Interrogatories Nos. 2 and 3 at all. [Docket Item 82.] Thus, it was entirely reasonable for Judge Schneider to assume "the only remaining issue before the Court is whether defendants' response to plaintiff's Interrogatory No. 1 is deficient and, thus, requires an additional response from defendants." [Docket Item 86 at 3.] Nevertheless, it appears, as he now argues in this appeal, that pro se Plaintiff intended by his reply letter to merely reference the Rutgers Defendants' deficient response to

3

Interrogatory No. 1 as an example in support of the continued viability of his motion, rather than to abandon his motion with respect to Interrogatory Nos. 2 and 3. The Court will, therefore, remand to Judge Schneider for consideration of the sufficiency of the Rutgers Defendants' responses to Interrogatory Nos. 2 and 3. Accordingly, and for good cause shown;

IT IS this **29th** day of **June**, **2018** hereby

ORDERED, upon Plaintiff's motion [Docket Item 89] appealing the August 4, 2017 Order of Magistrate Judge Joel Schneider, that the Order shall be, and hereby is, **AFFIRMED** in part as to Interrogatory No. 1 and remanded in part for consideration of the sufficiency of the Rutgers Defendants' responses to Interrogatory Nos. 2 and 3 in connection with Plaintiff's motion to compel. [Docket Item 79.]

                                       **s/ Jerome B. Simandle**
                                       JEROME B. SIMANDLE
                                       U.S. District Judge