```
         IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF NEW JERSEY
                  CAMDEN VICINAGE
```

MARTIN LUTHER ROGERS,           :
                                :     Civ. No. 15-7005(RMB-JS)
           Plaintiff            :
                                :
      v.                        :     **MEMORANDUM AND ORDER**
                                :
NJDOC, *et al.*,                :
                                :
           Defendants           :

**BUMB**, United States District Judge

This matter comes before the Court upon Plaintiff's pro se letter request for leave to serve the amended complaint on the remaining defendants, Judith Bender, Monica Tsakiris and Lisa Renee Mills. (Pl's Letter, Dkt. No. 210.) Plaintiff asserts he was unaware that these defendants were never served, and he relied on his counsel, who longer represents him, to obtain service. Defense counsel for Rutgers University Behavioral and Correctional Health Care, Laurie Valentino, Christopher Simkins, Tina Montgomery, University of Medicine and Dentistry and Roni J. Feldman (collectively the "Medical Defendants") filed a letter brief in opposition. The Medical Defendants submit that on March 23, 2018, the Court ordered defense counsel to advise whether they would accept service of the amended complaint for any of the newly named Medical Defendants, and only Judith Bender was newly named. (Dkt. No. 211.) Defense counsel responded that she was not authorized to accept service for Judith Bender, who was no longer an employee of

Rutgers. (Letter, Dkt. No. 115.) Lisa Renee Mills and Monica Tsakiris were named in the original complaint, but claims against them were dismissed without prejudice, and they were renamed in the amended complaint but never served.

I. PROCEDURAL HISTORY

Plaintiff initiated this action pro se by filing a civil rights complaint on September 22, 2015. ("Compl." Dkt. No. 1.) The Court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a), dismissed certain claims, including those against Lisa Renee Mills and Monica Tsakiris, pursuant to § 1915(e)(2)(B), based on immunity and failure to state a claim, and permitted the remaining claims to proceed. (Opinion and Order, Dkt. Nos. 5, 6.) After discovery, Plaintiff filed an amended complaint on March 23, 2018. ("Am. Compl." Dkt. No. 135.) On October 11, 2018, Charles H. Landesman, Esq. entered an appearance as counsel for Plaintiff in this matter. (Letter, Dkt. No. 124.)

The Medical Defendants filed a motion for summary judgment on November 5, 2019. ("Med. Defs' Mot. for Summ. J." Dkt. No. 179.) The NJDOC Defendants filed a motion for summary judgment on October 15, 2019. (NJDOC Defs' Mot. for Summ. J., Dkt. No. 172.) The Court granted the summary judgment motions of the Medical Defendants and the NJDOC Defendants on March 19, 2021, and directed Plaintiff to show cause why he had not served the amended complaint on Defendants Lisa Renee Mills, Judith Bender and Monica Tsakiris,

2

noting that absent good cause, the Court would dismiss the claims against these Defendants without prejudice pursuant to Federal Rule of Civil Procedure 4(m), and decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Orders, Dkt. Nos. 204, 207.)

II. DISCUSSION

Federal Rule of Civil Procedure 4(m) provides that

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff has failed to show good cause for failing to timely serve the amended complaint on Lisa Renee Mills, Monica Tsakiris and Judith Bender. Plaintiff was acting pro se when he filed the amended complaint on March 23, 2018. (Am. Compl., Dkt. No. 135.) Plaintiff realleged claims in the amended complaint against Lisa Renee Mills and Monica Tsakiris, after the Court dismissed the claims against them in the original complaint without prejudice. Plaintiff also brought claims against a new Medical Defendant, Judith Bender. On March 23, 2018, the Honorable Joel Schneider granted Plaintiff's pro se motion to amend the complaint and ordered that:

3

> defense counsel shall advise the Court by
> April 16, 2018, if they will accept service of
> the amended complaint on behalf of any of the
> named new parties. If not, defense counsel
> shall produce to the Court by April 16, 2018,
> the last known addresses of their clients and
> present/former employees for the purpose of
> service of plaintiff's complaint and summons.

(Order, Dkt. No. 112.) As noted above, Judith Bender was the only newly named defendant because Lisa Renee Mills and Monica Tsakiris were named in the original complaint, and Defendants were not authorized to accept service on Bender's behalf. (Letter, Dkt. No. 115.) It appears to have been an oversight by Plaintiff and his counsel that Lisa Renee Mills and Monica Tsakiris were not served with the amended complaint. Plaintiff, however, has not shown good cause for this oversight, which should have been discovered, at the latest, when Mills and Tsakiris did not participate in the Medical Defendants motion for summary judgment because they had not been served.

With respect to Judith Bender, on October 4, 2018, Plaintiff wrote to the Court requesting service of the amended complaint by the U.S. Marshals on the newly named defendants. (Letter, Dkt. No. 123.) Charles Harry Landesman, Esquire entered his appearance on behalf of Plaintiff on October 11, 2018. (Notice of Appearance, Dkt. No. 124.)

On January 9, 2019, Plaintiff's counsel requested service of the amended complaint by the U.S. Marshals on the newly named

4

defendants, and Judith Bender was included on the list for service. (Letter, Dkt. No. 134.) The Court granted the request and ordered service upon receipt of USM 285 forms from Plaintiff. (Order, Dkt. No. 136.) On February 27, 2019, Attorney Landesman filed a letter request with the Court, seeking the last known address of Judith Bender, as she was no longer employed by the Medical Defendants. (Letter, Dkt. No. 140.) The Court granted the request (Order, Dkt. No. 143), and Plaintiff attempted to serve Judith Bender at her last known address, but she no longer lived there. (Summons Unexecuted, Dkt. No. 150.)

Plaintiff was provided with all requested assistance in obtaining information to allow him to serve the amended complaint on Judith Bender. Again, Plaintiff's failure to serve the amended complaint on Lisa Renee Mills and Monica Tsakiris was due to an oversight that went uncorrected from March 23, 2018, until after the Court granted summary judgment on all federal claims for all defendants who had been served in March 2021. Therefore, Plaintiff has not shown good cause to extend the deadline for service of the amended complaint under Federal Rule of Civil Procedure 4(m). Therefore, the Court dismisses the claims against Tsakiris, Mills and Bender without prejudice.

Furthermore, Plaintiff shall show cause, within 14 days of the date of this Order, why the Court should not dismiss the claims against Tsakiris, Mills and Bender with prejudice under Federal

5

Rule of Civil Procedure 41(b), for failure to prosecute. Plaintiff should address the following factors: (1) extent of party's personal responsibility; (2) prejudice to the adversary; (3) any history of dilatoriness, including how Plaintiff intends to obtain service of these defendants at this late date; (4) whether failure to prosecute was willful or in bad faith; (5) effectiveness of sanctions alternative to dismissal; (6) the merit of the claims asserted, particularly the federal claims as they are necessary for supplemental jurisdiction over state law claims. See Briscoe v. Klaus, 538 F.3d 252 (3d Cir. 2008).

**IT IS** therefore on this **9th day of July 2021**,

**ORDERED** that the Amended Complaint is **DISMISSED** without prejudice as to Defendants Lisa Renee Mills, Judith Bender and Monica Tsakiris pursuant to Federal Rule of Civil Procedure 4(m); and it is further

**ORDERED** that Plaintiff shall show cause, within 14 days of the date of this Order, why the Court should not dismiss the claims against Mills, Bender and Tsakiris with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**