NOT FOR PUBLICATION

                    UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE

MARTIN LUTHER ROGERS,            :
                                 :   Civ. No. 15-7005 (RMB-MJS)
            Plaintiff            :
                                 :
       v.                        :        **OPINION**
                                 :
NJDOC, *et al.*,                 :
                                 :
            Defendants           :

**BUMB**, United States District Judge

I.  INTRODUCTION

     On July 12, 2021, this Court dismissed the claims in the
amended complaint against the newly added defendants, Lisa Renee
Mills, Judith Bender and Monica Tsakiris, without prejudice
because Plaintiff failed to timely effect service upon them under
Federal Rule of Civil Procedure 4(m) after the amended complaint
was filed on March 23, 2018. (Order, Dkt. No. 215.) The Court also
ordered Plaintiff to show cause why the Court should not dismiss
the claims against these defendants, the only defendants remaining
in this action, with prejudice for failure to prosecute under
Federal Rule of Civil Procedure 41(b). Plaintiff failed to respond
to the order to show cause.

II.  DISCUSSION

     Prior to dismissing claims with prejudice for failure to
prosecute, the Court must consider several factors described by

the Third Circuit Court of Appeals in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984). First, the Court must consider the party's personal responsibility. Plaintiff attempted to pursue his claims against the unserved defendants but was ultimately unable to locate them after several years. Plaintiff then failed to respond to the Court's order to show cause why the claims should not be dismissed with prejudice. Therefore, this factor weighs in favor of dismissal because Plaintiff appears to have exhausted his attempts to locate the defendants and did not respond to the show cause order.

Second, there is prejudice to the defense of the unserved defendants because they were not provided notice of this lawsuit within the two-year statute of limitations period, and they still have not received notice of the claims six years after their alleged misconduct, a period of time that prejudices their defenses because memories fade and evidence may no longer be accessible. This factor favors dismissal with prejudice.

The third and fourth factors, history of dilatoriness and willfulness, do not weigh in favor of dismissal because Plaintiff has pursued his claims but has been unable to locate these defendants, who no longer worked or lived at their last known addresses.

The fifth factor is the effectiveness of alternative sanctions. At this stage, where Plaintiff has not demonstrated any

recent attempts to locate these defendants, there is no real alternative sanction that is fair to the unserved defendants but dismissal with prejudice.

The final factor for dismissal with prejudice for failure to prosecute is meritoriousness of the claims. The Court notes summary judgment was granted to all defendants who were served and litigated their claims in this matter. The Court cannot conclusively determine whether the claims against unserved defendants have merit, but the claims are similar to those that were dismissed on the merits against the other medical defendants. In balancing these factors, the Court finds that dismissal with prejudice of the unserved defendants is warranted, primarily due to the length of time that has passed without locating and effecting service on the defendants.

III. CONCLUSION

For the reasons discussed above, the Court will dismiss the claims against Defendants Lisa Renee Mills, Judith Bender and Monica Tsakiris with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b)

An appropriate Order follows.

Dated:   September 16, 2021

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**